In Re: Amendment and Revision of
Common Law Rules for the
Government of Trial Courts
in Common Law Cases.

Order entered September 18, 1936.

Per Curiam.—This matter coming on to be heard upon certain objections and amendment to the proposed draft of Amendment and Revision of Common Law Rules for the Government of Trial Courts in Common Law Cases, as adopted by this Court on April 27, 1936 (122 Fla. 881), and the Court having considered the several objections and proposals submitted with respect to the draft of rules as published, it is thereupon ordered that the following amendments to the proposed draft of rules to become effective October 1, 1936, are hereby adopted and promulgated, that is to say that Rule 53 be and the same is hereby amended to read as follows:

"The plaintiff may at any time discontinue his cause in the clerk's office by paying costs and entering a written discontinuance thereof. Such discontinuance shall not affect any claim asserted by the defendant by way of set-off but such defendant may proceed to a trial on his claim on the pleadings as previously had or the court may upon the motion of either party or of its own motion order a repleader in order that such claim may be adjudicated."

That paragraph (f) of Rule 54 be and the same is hereby amended to read as follows:

"(f) The Court may compel a party to disclose the names of witnesses and their addresses, if justice seems to

require, upon such terms and conditions as the court may deem expedient, where the names of witnesses are in the exclusive possession of one party to the action. But no such order shall be made except after due notice and hearing upon a specific showing of special facts and circumstances adduced in support of the application, the burden in every case being upon the movant to demonstrate some real necessity in the interest of the administration of justice for the making of an order under this subdivision."

That Rule 74 be amended by adding thereto the following additional provisions and paragraphs to be designated as paragraphs (c) and (d):

"(c) In order to entitle the party against whom such ruling is made to have the same reviewed by the appellate court, it shall not be necessary to object or except to any order granting or denying motions for new trials, directed verdicts, non suits, or judgments *non obstante veredicto.*"

"(d) In every case where the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon writ of error to any such order granting a new trial, if taken under the statutes providing for writs of error to orders granting new trials, no other grounds than those specified by the trial Judge, as a basis for the order granting the new trial, shall be considered as arguable upon said writ of error."

That Rule 88 of said proposed amendment and revision of rules be and the same is hereby amended to read as follows:

"The bill of exceptions should be made up and signed or lodged in the office of the Clerk within 90 days after verdict or order on motion for new trial, unless by special

order entered within such time (whether the term shall have expired or not) further time be allowed. In case such special order be made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record."

That Rule 94 of said proposed Amendment and Revision of Rules be and the same is hereby amended to read as follows:

"When the questions presented in the appellate proceeding by the assignments of error can be determined by the appellate court without an examination of all the pleadings and evidence, the parties, with the approval of the trial court may prepare and sign a statement of the case showing how the questions arose and were decided in the trial court and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by the appellate court. Such statement, when filed in the office of the clerk of the trial court, shall be treated as superseding, for the purposes of the appellate proceedings, all parts of the record other than the order or judgment to which writ of error is taken, and together with such order or judgment, shall be copied and certified to the appellate court as the record."

That Rule 95 of said proposed Amendment and Revision of Common Law Rules be and the same is hereby amended to read as follows:

"Upon appellate proceedings it shall be presumed, unless the record show to the contrary, that such record, including the bill of exceptions and original exhibits transmitted to the appellate court, contains all proceedings in the trial court material to the questions presented by the assignments of error for decision by the appellate court."

That an additional Rule to be designated as Rule 96 be and the same is hereby adopted and promulgated to become effective at the same time as are the other proposed Rules.

"Rule 96. Where copies of pleadings, transcripts, briefs or bills of exceptions are required to be served upon adverse parties, service upon one of such parties shall be deemed to be a compliance with the rule. Provided, that any adverse party not so served, for good cause shown, after notice, may request the court to require the furnishing of such copy or copies to him, and the court, in its discretion, may require the furnishing of such copy or copies to such adverse party."

That all other objections and proposals made and submitted with reference to said Rules not heretofore or herein and hereby specifically adopted and approved by this Court be and the same are hereby disallowed, without prejudice to an application for a further consideration of same after the proposed Amendment and Revision of said Common Law Rules shall have been experimentally tested in their practical application for a period of three months or more.

It is further considered and ordered by the Court that the Special Committee under whose direction the proposed amendment and revision of common law rules has been suggested and formulated be and the same is hereby constituted and made a Committee of this Court for the period ending January 1, 1938, for the purpose of giving further study and consideration to the said rules in their actual practice, and to study and consider the advisability of further revisions and amendments therein as an aid to the practical administration of justice and as a cure for any imperfections that may be therein found.

It is further ordered by the Court that this order be published in the official reports of this Court as a part of

the Rules heretofore adopted and published in 122 Fla. at page 881, *et seq.,* and that a copy of this order be sent to the Chairman of the Special Rules Committee hereinbefore referred to.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.