JAMES ZECCA v. JOHN PECORA.

192 So. 464

Opinion Filed December 8, 1939

*James Kytle Williams,* for Plaintiff in Error;

*J. H. Mercer, C. S. Robertson, Murrell & Malone* and *Benjamin E. Carey,* for Defendant in Error.

WHITFIELD, J.—Defendant in error moves to strike the bill of exceptions on the ground that it was not presented to the trial judge for authentication until after the expiration of the ninety days allowed by Rule 88.

Motion for new trial was denied July 11, 1939. Bill of exceptions was presented to, and signed by, the judge October 30, 1939. The order of the judge contains the following:

The "defendant did on the 30th day of October, A. D. 1939, present and propose this, his bill of exceptions, and requested the settling and signing of the same after due notice to the plaintiff, and the court considering that the justice of the cause requires the settling of this bill of exceptions on this date, the same is hereby signed and settled."

Amended Rule 88 of the Common Law Rules, adopted September 18, 1936, reported in 124 Fla. 886, is as follows:

"The bill of exceptions should be made up and signed or lodged in the office of the Clerk within 90 days after verdict or order on motion for new trial, unless by special order entered within such time (whether the term shall have expired or not) further time be allowed. In case such special order be made, it shall be entered in the minutes,

and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record."

The requirements fo Rule 88 that "the bill of exceptions should be made up and signed or lodged in the office of the Clerk" within stated times, are satisfied if the bill of exceptions is presented to the judge for signing or duly presented in the office of the clerk for filing, "within 90 days after verdict or order on motion for new trial" or within the time limited by a special order of the judge if such order is made "within 90 days after verdict or order on motion for new trial" The quoted rule does not purport to repeal any applicable statute.

Section 1, Chapter 12322, Acts of 1927, Section 4634 (2917) C. G. L., contains the following:

" * * * in every case where it shall appear to the Supreme Court that any bill of exceptions in any cause has been actually made up and duly authenticated in accordance with one of the several modes of authentication provided by law, and is actually incorporated into the transcript of the record, said Supreme Court shall have authority to recognize and consider such bill of exceptions in the furtherance of justice, notwithstanding it may appear that such bill of exceptions was not tendered or filed in the lower court within the time allowed by law or order of the court, and notwithstanding any other alleged or apparent defect in the procedure by which such bill of exceptions was made up, tendered, filed and authenticated, provided, said Supreme Court is satisfied that such bill of exceptions actually in the transcript fairly and truly reflects the matters *in pais* transpiring in the lower court in such case, notwithstanding the manner or means by which the same was brought into being."

In this case the motion for new trial was denied July 11,

1939, and no order was made extending the time of "90 days after verdict or order on motion for new trial" allowed by Rule 88 for making up and signing or lodging the bill of exceptions in the Clerk's office. Pursuant to Section 4634 (2917) C. G. L. and Rule 88, the trial judge settled and signed the bill of exceptions on October 30, 1939, "the court considering that the justice of the cause requires the settling of the bill of exceptions on" that "date." The bill of exceptions has been actually made up and incorporated in the transcript of the record, and so authenticated by the trial judge as to authorize this court under the statute to recognize and consider such bill of exceptions "in furtherance of justice, notwithstanding it may appear that such fill of exceptions was not tendered or filed in the lower court within the time allowed by law or order of court." Sec. 4634 (2717) C. G. L.

The settling and signing of the bill of exceptions by the trial judge is of such a nature as to satisfy this Court that such bill of exceptions actually in the transcript fairly and truly reflects the matters *in pais* transpiring in the lower court in this cause. See Schutt v. Lester, *et al.,* filed at this date.

Motion to strike bill of exceptions denied.

BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.