Walter T. Schutt v. Helena Myrtle Messina Lester, *et vir.*

192 So. 461
Division B
Opinion Filed December 8, 1939

*Morrow & Mayes* and *Whitfield & Whitfield,* for Plaintiff in Error;

*Blackwell & Walker,* for Defendant in Error.

WHITFIELD, J.—Defendants in error move to strike the bill of exceptions contained in the transcript on this writ of error on grounds (1) that the purported bill of exceptions was not lodged in the office of the clerk of the circuit court and was not presented to any judge of this court within ninety days after verdict or after order on motion for new trial; (2) the purported bill of exceptions was not

lodged in the office of the clerk or presented to any judge of the Circuit Court of Dade County within the ninety days allowed by a special order entered February 11, 1939; (3) the said purported bill of exceptions shows on its face that it was not admissable for authentication under the provisions of Common Law Rule 88; (4) the order of May 10, 1939, purporting to extend the time for the settlement of the bill of exceptions for sixty days from May 10, 1939, is null and void because not authorized by Rule 88.

It appears that the verdict was rendered November 16, 1938; motion for new trial was denied November 28, 1938; judgment for defendants was rendered January 30, 1939. On February 11, 1939, the circuit judge made an order "that the time for making up, presenting and settling the bill of exceptions in the cause is hereby limited to ninety days from the date of this order." On May 10, 1939, the circuit judge made an order to extend and limit the time to sixty days from the date of the order. The bill of exceptions was presented to the judge on July 8, 1939, and on the same day counsel for appellees receipted for a copy of the bill of exceptions. On September 19, 1939, counsel for appellees filed objections to the authentication of the bill of exceptions on the following grounds:

"The said proposed bill of exceptions was not lodged in the office of the clerk and was not presented to any judge of the court within ninety days after verdict or order on motion for new trial.

"The said proposed bill of exceptions was not lodged in the office of the clerk or presented to any judge of the court within the ninety days allowed by a special order entered on the 11th day of February, 1939.

"The said proposed bill of exceptions shows on its face

that it is not admissible for authentication under the provisions of Common Law Rule 88."

The circuit judge on September 26, 1937, made the following certificate authenticating the bill of exceptions:

"AND INASMUCH as the several matters objected to or insisted upon and considered by the court do not appear of record, the said plaintiff did on .the 8th day of July, 1939, after the expiration of said term, by virtue of special order herein made, propose this bill of exceptions to the said rulings of said judge, and request him to sign the same, which after due notice to the opposite parties, or their attorneys, is done this the 8th day of July, 1939, notwithstanding the objections of all the defendants, who objected to the certification of this bill of exceptions on the ground that it was not filed or presented within the time required by common Law Rule 88, which objections are overruled.

"I Do HEREBY CERTIFY that the foregoing bill of exceptions contains all the evidence introduced at the trial of the above stated cause, and I am satisfied, and hereby further certify that it is indispensable that the testimony and proceedings at the trial be stated in the form of question and answer and in verbatim, in order to enable the Supreme Court to obtain the proper understanding of the said proceedings and the said testimony and the weight to be placed thereon.

"AND I HEREBY FURTHER CERTIFY that it is indispensable that the objections made by the several parties which are included in said bill of exceptions be included in order to enable the Supreme Court to understand the propositions of law submitted at the trial, and said objections are included in the bill of exceptions.

"DATED at the City of Miami, Florida, this the 26th day of Sept. 1939.  "PAUL D. BARNS, Circuit Judge."

The quoted certificate of the Circuit Judge seems to indicate that he signed the bill of exceptions because it was presented within the time allowed by his order of May 10, 1939. This will be considered later herein.

Common Law Rule 88, as adopted September 18, 1936, is as follows:

"The bill of exceptions should be made up and signed or lodged in the office of the Clerk within 90 days after verdict or order on motion for new trial, unless by special order entered within such time (whether the term shall have expired or not) further time be allowed. In case such special order be made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record." 124 Fla. 886.

The requirements of Rule 88 that "the bill of exceptions should be made up and signed or lodged in the office of the Clerk" within stated times, are satisfied if the bill of exceptions is presented to the judge for signing or duly presented in the office of the clerk for filing, "within 90 days after verdict or order on motion for new trial" or within the time limited by a special order of the judge if such order is made "within 90 days after verdict or order on motion for new trial." Such rule does not repeal any applicable statute.

Section 4634 (2917) C. G. L., Section 1, Chapter 12322, Acts of 1927, contains the following:

"* * * In every case where it shall appear to the Supreme Court that any bill of exceptions in any cause has been actually made up and duly authenticated ·in accordance with one of the several modes of authentication provided by law, and is actually incorporated into the transcript of the record, said Supreme Court shall have authority to recog-

nize and consider such bill of exceptions in the furtherance of justice, notwithstanding it may appear that such bill of exceptions was not tendered or filed in the lower court within the time allowed by law or order of the court, and notwithstanding any other alleged or apparent defect in the procedure by which such bill of exceptions was made up, tendered, filed and authenticated, provided, said Supreme Court is satisfied that such bill of exceptions actually in the transcript fairly and truly reflects the matters *in pais* transpiring in the lower court in such case, notwithstanding the manner or means by which the same was brought into being."

While the order of February 11, 1939, made "within ninety days after verdict or order on motion for new trial" as authorized by Rule 88, extended the time for presenting or lodging the bill of exceptions to ninety days from the date of the order, the order of May 10, 1939, was of itself ineffectual to further extend the time because such last order was not made "within 90 days after verdict or order on motion for new trial" as required by Rule 88; therefore under Rule 88 and the special order of February 11, 1939, the period allowed for presenting the bill of exceptions to the judge or lodging it with the clerk, expired ninety days from February 11, 1939, which was before July 8, 1939, when the bill of exceptions was presented to the judge.

However, the order of May 10, 1939, indicated that the circuit judge considered that a further extension of time would tend to aid "in the furtherance of justice;" and in authenticating on September 26, 1939, the bill of exceptions which was presented to him on July 8, 1939, notwithstanding the objections of all the appellees that Rule 88 had not been complied with, the judge manifested a purpose to so sign the bill of exceptions "in furtherance of justice" under

Section 4634 (2917) C. G. L.; and his action in so doing justifies this Court in determining that the bill of exceptions, so authenticated and incorporated in the transcript herein, should be considered by this Court, as authorized by Section 4634 (2917) C. G. L., in determining the merits of the cause presented on this writ of error.

The purpose of the above quotation from Section 4634 (2917) C. G. L. is to facilitate the disposition of causes on the merits, when the appealing party does not in disregard of the rules of procedure unnecessarily delay the preparation and presentation of bills of exceptions to the judge for signing, or lodging it in the office of the Clerk, but in good faith endeavors to comply with the rules as nearly as is practicable under the circumstances of the particular case, and the judge "in furtherance of justice," authenticates a bill of exceptions even though presented to him or lodged with the clerk after the time allowed by Rule 88 or after the time fixed by a special order duly made under the Rule "within 90 days after verdict or order on motion for new trial," as required by Rule 88, and the bill of exceptions as incorporated in the transcript and as authenticated by the judge is under Section 4634 (2917) C. G. L. determined by the appellate court to be legally proper for consideration in adjudicating the merits of the cause.

The essential feature of a bill of exceptions is the appropriate authentication by the trial judge as being a correct statement of the matters contained in the bill. The provision of Rule 88 as to the time within which the bill of exceptions should be made up and signed or filed with the clerk for judicial authentication is, by Section 4634 (2917) C. G. L. made important to facilitate judicial procedure, but not imperatively absolute when the trial judge for good reasons shown to him authenticates the bill even though

presented to the judge or lodged with the clerk after the time stated in the rule, and the bill of exceptions is so authenticated as to justify the appellate court in regarding it as proper to be considered under the law as a part of the record in the adjudication of the merits of the cause, to the end that "right and justice shall be administered by due course of law." Sec. 4, Decl. of Rights, State Constitution. See Zecca v. Pecora, filed this date.

Motion to strike bill of exceptions denied.

BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.